**NORTHWEST HEALTHCARE ALLI-ANCE INC., a Washington corporation dba Assured Home Health & Hospice, Plaintiff—Appellant,**

v.

**HEALTHGRADES.COM, INC., a Delaware corporation, Defendant—Appellee.**

No. 01–35648.

D.C. No. CV–01–00488–BJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Oct. 7, 2002.

Before HALL, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

### BACKGROUND

Plaintiff Northwest Healthcare Alliance, Inc., dba Assured Home Health & Hospice ("Assured"), is a home health care provider in Washington state. Defendant Healthgrades.com ("Healthgrades.com") is a Delaware corporation with its principal place of business in Colorado. Defendant operates a web site that purports to rate home health care providers, one of which is plaintiff. Plaintiff brought this action against defendant in Washington state

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court alleging defamation and violation of Washington's Consumer Protection Act after plaintiff learned it had received what it considered an unfavorable rating on defendant's web site. Defendant removed the action to the district court for the Western District of Washington based on diversity jurisdiction, then moved to dismiss the suit for lack of personal jurisdiction. The district court, finding that defendant's web site was merely a passive provider of information, that defendant had not purposely availed itself of plaintiff's forum, and that defendant had not committed any intentional acts expressly aimed at the forum state, granted defendant's motion. Plaintiff appeals. Because the parties are familiar with the facts of the case, we recount them here only to the extent necessary to explain our ruling.

## DISCUSSION

The exercise of personal jurisdiction over an out-of-state defendant must comport with constitutional due process. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The exercise of personal jurisdiction over an out-of-state defendant comports with due process when the out-of-state defendant maintains "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 315, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (citations omitted). When an exercise of personal jurisdiction is challenged, the burden is on plaintiff to demonstrate why the exercise of jurisdiction is proper. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir.2001). Plaintiff can satisfy this burden by showing that: 1) the defendant purposefully availed itself of the privilege of conducting activities in the forum state invoking the benefits and protections of the forum

state's laws; 2) the plaintiff's claim arises out of the defendant's forum-related activities; and 3) the exercise of jurisdiction over the out-of-state defendant is reasonable. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir.1995).

Because most Internet activity occurs in cyberspace, the Internet presents special considerations in personal jurisdictional analysis, and the law in this area can fairly be described as in its infancy. *See, e.g., Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.1998), *quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1123 (W.D.Pa.1997) (internal quotation marks omitted) ("[w]ith this global revolution looming on the horizon, the development of the law concerning the permissible scope of personal jurisdiction based on Internet use is in its infant stages"). Indeed, before 1997, the Ninth Circuit "ha[d] not yet considered when personal jurisdiction may be exercised in the context of cyberspace." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417 (9th Cir.1997).

Thus far the Ninth Circuit has endorsed two tests for determining whether an out-of-state web site operator's activities amount to purposeful availment of the forum state rendering the exercise of personal jurisdiction over the out-of-state web site operator constitutionally permissible: 1) the sliding scale approach, as articulated in *Cybersell*, 130 F.3d at 417–19; and 2) the effects test, endorsed by the Supreme Court in *Calder v. Jones*, 465 U.S. 783, 788–89, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), and adopted by the Ninth Circuit in *Panavision*, 141 F.3d at 1321–22.

The effects test is employed when the harm allegedly suffered by plaintiff sounds in tort. *See Panavision*, 141 F.3d at 1321 ("[i]n tort cases, jurisdiction may attach if the defendant's conduct is aimed at or has

an effect in the forum state"). *See also Calder*, 465 U.S. at 788–89 (establishing an "effects test" for intentional action aimed at the forum state). Under this approach, the exercise of personal jurisdiction over an out-of-state defendant is proper if the defendant: 1) engaged in intentional actions; 2) expressly aimed at the forum state; 3) causing harm, the brunt of which is suffered–and which the defendant knows is likely to be suffered–in the forum state. *Panavision*, 141 F.3d at 1321, *quoting Core–Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1486 (9th Cir.1993).

Plaintiff, alleging defamation and violation of Washington's Consumer Protection Act, is suing in tort, and application of the effects test to the facts of this case yields a constitutional exercise of personal jurisdiction by the district court for the Western District of Washington.

Specifically, we find that defendant Healthgrades.com has purposefully interjected itself into the Washington state home health care market through its intentional act of offering ratings of Washington medical service providers. This act was expressly aimed at plaintiff's forum state, since defendant was well aware that its ratings of Washington home health care providers would be of value primarily to Washington consumers. Though defendant gleaned its information from various public sources, including the federal government, the information was obtained originally from Washington sources, and the allegedly defamatory rating received by plaintiff on defendant's web site concerned the Washington activities of a Washington resident. Finally, the brunt of the harm allegedly suffered by plaintiff occurred in Washington–where plaintiff is incorporated, where plaintiff has its principal place of business, and where plaintiff's reputation is likely to suffer if in fact it has been injured by defendant's actions. The effects, therefore, of defendant's out-of-state conduct were felt in Washington, plaintiff's claims arise from that out-of-state conduct, and defendant could reasonably expect to be called to account for its conduct in the forum where it understood the effects of its actions would be felt.

## CONCLUSION

For the foregoing reasons, we find that the exercise of personal jurisdiction by the district court for the Western District of Washington is constitutionally permissible. The court's order granting defendant's motion to dismiss for lack of personal jurisdiction is hereby reversed, and the case is remanded for further proceedings.

REVERSED and REMANDED.